IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| DONNA WARD, | ) | C.A. No. 8:04-22200-25 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

In this case, the plaintiff seeks judicial review of the final decision of the Commissioner denying her application for social security disability insurance benefits and supplemental security income. In particular, the plaintiff alleges disability commencing February 12, 2002, due primarily to disc problems in her neck, a right rotator cuff tear, anxiety attacks, depression, and arthritis.

This matter now comes before the undersigned for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Bruce H. Hendricks, to whom this case had previously been assigned. In her Report, Magistrate Judge Hendricks recommends that the defendant Commissioner's decision denying the plaintiff's application for benefits be reversed and that the case be remanded to the Commissioner for further administrative proceedings. As reasoned by the Magistrate Judge:

> In making his credibility determination the [Administrative Law Judge] found that the plaintiff's subjective complaints were not supported by medical evidence. However, in doing so, the [Administrative Law Judge] ignored the extensive medical treatment sought by the plaintiff since her [2002] neck surgery. In fact, a review of the record reveals that the plaintiff has consistently complained of and sought treatment for her pain and other symptoms since her cervical fusion surgery in February 2002, mostly to no avail...The record simply does not support a picture of a non-compliant patient; rather, it shows a patient who is in constant pain and has received little relief, despite a variety of treatments.

The defendant Commissioner has filed objections to the Magistrate Judge's Report. Specifically, the defendant Commissioner argues that the administrative law judge properly evaluated plaintiff's credibility.

In conducting its review of the Magistrate Judge's Report, this Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections...The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

<u>Wallace v. Housing Auth. of the City of Columbia</u>, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted). In light of this standard, the Court has reviewed, *de novo*, the Report and the objections thereto. The Court accepts the Report.

In sum, the Commissioner's decision denying the plaintiff's application for benefits is **REVERSED** and the claim is **REMANDED** back to the Commissioner pursuant to sentence four of Title 42 U.S.C. § 405(g) for further administrative proceedings. Upon remand, the Administrative Law Judge should appropriately and properly consider the effect of the plaintiff's pain on her ability to perform work-related functions.

**IT IS SO ORDERED.**

s/ Terry L. Wooten
Terry L. Wooten
United States District Court Judge

December 21, 2005
Florence, South Carolina